UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANEAL SMILEY,

        Plaintiff,                Civil No. 05-10065-BC
                                           Honorable David M. Lawson

v.

DAVID SMITH, Warden,

        Defendant.
_____/

**ORDER GRANTING MOTION FOR RECONSIDERATION,
ADOPTING REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE, AND DISMISSING CASE**

      This matter is presently before the Court on motion papers filed by the plaintiff styled as a motion for relief from judgment. On April 11, 2005, Magistrate Judge Charles E. Binder, acting under an order for general case management, issued a report recommending that the Court *sua sponte* dismiss the complaint because the plaintiff, a Michigan state prisoner, failed to demonstrate that he exhausted available administrative remedies. Absent objections from the plaintiff, the Court adopted the recommendation and dismissed the complaint. However, the Court thereafter received the plaintiff's motion to reconsideration the magistrate judge's report, which the prisoner signed and dated on April 22, 2005. The coincidence of the ten-day objection deadline prescribed by 28 U.S.C. § 636(b)(1), the time calculation method required by Federal Rule of Civil Procedure 6(a), and the prison mailbox rule rendered the filing timely and effective as objections to the report and recommendation issued. As a result, the Court will grant reconsideration, treat the motion as objections to the report, and consider the issue *de novo*. After further review, the Court concludes that the magistrate judge was correct, and it will again adopt the report and dismiss the case.

I.

The plaintiff, Laneal Smiley, currently incarcerated in the Michigan Department of Corrections (MDOC) at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a complaint on February 17, 2005 alleging pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated when corrections officers hid in a broom closet making noises telling the plaintiff to kill himself, correctional facility personnel repeatedly attempted to kill him, and the warden prevented him from attending a state court hearing. Compl. ¶ 4. The plaintiff requests that the Court exonerate him, release him, and award him $500,000,000. The Court referred the case to Magistrate Judge Binder for general case management on March 10, 2005. The magistrate judge granted the plaintiff's application to proceed without prepayment of fees and then issued a report recommending the Court dismiss the complaint *sua sponte* based on the plaintiff's failure to exhaust available administrative remedies. On April 26, 2005, the Court adopted the report and recommendation of the magistrate judge. Later that same day, the Court received the motion referenced above styled as a "Motion for Relief of Judgment," signed and dated on April 22, 2005.

In his motion, the plaintiff contends that the Court should not require him to demonstrate evidence of exhaustion because the administrative grievance procedures of the state correctional facility are unfair and ineffective, he actually filed grievances related to his claims, he has been prevented from filing grievances against the alleged abuses by regular periods of torture, the correctional facility responded to his grievances but did not rectify the abuses of its personnel, his right of due process allows him to file a complaint without exhaustion, and personnel from the facility stole all of his legal materials and evidence he had mailed. He claims entitlement to an evidentiary hearing to prove his contentions and a right in the nature of habeas corpus to be heard by the Court. The plaintiff's filing also includes various claims not made in his complaint: that

-2-

personnel from the correctional facility strapped him to a cement slab for long periods over the past seven years, "promised to pressure pointe [sic] me to death and filled a 10 gallon plastic bag with water and hung it over my head and let-it drip one drop at a time over the weekend," Pl.'s Mot. 22, intentionally inflicted emotional distress on him, denied him medical care, and stole his mail, legal materials, and evidence involving a complaint he was pursuing before another court.  He compares himself to prisoners tortured in Bosnia-Herzegovina and makes requests for an attorney, a restraining order against correctional facility personnel, and transfer to a federal housing unit.

II.

A.

The Court will construe the plaintiff's motion for relief from judgment as a motion for reconsideration of the Court's order of dismissal.  The Court will grant reconsideration of an order that has (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain.  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Under the prison mailbox rule, a "motion is deemed filed when the inmate gives the document to prison officials to be mailed."  *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).  Courts in the Sixth Circuit apply the rule in civil matters when a *pro se* plaintiff is incarcerated at the time of filing.  *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that a complaint placed in the prison mail system before the expiration of a statute of limitations tolled the applicable limitation).

The plaintiff was required to file objections to the magistrate judge's report and recommendation within ten days of its issuance. *See* 28 U.S.C. § 636(b)(1). The plaintiff attacks the magistrate's judge's report in the motion for relief from judgment, and the Court believes that the papers fairly can be construed as objections. A *pro se* litigant's papers are to be construed liberally, *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). So construed, the plaintiff's objections were filed within the ten-day time limit. *See* Fed. R. Civ. P. 6(a). Since the objections were timely, the Court's conclusion that no objections was a palpable defect that cause it to adopt the report and recommendation. The Court therefore will set aside the prior order of dismissal and consider the matter *de novo*.

B.

Current federal law states that before any prisoner may file a civil rights suit challenging prison conditions, he must exhaust all internal administrative remedies. *See* 42 U.S.C. § 1997e(a). Title 42, section 1997e(a) of the United States Code provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner's failure to demonstrate exhaustion of internal remedies is grounds for automatic dismissal. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The internal administrative procedures must be followed even if they do not offer the precise relief that the prisoner seeks. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *see also Porter v. Nussle*, 534 U.S. 516 (2002). Dismissal without prejudice is required even if the time for filing the required

grievance has expired. *See Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997). A prisoner cannot abandon the grievance process before completion and then claim to have exhausted administrative remedies. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

To demonstrate exhaustion of his administrative remedies, the Sixth Circuit requires that an inmate attach to the complaint copies of his filed grievances as proof of exhaustion. *Brown*, 139 F.3d at 1104. Courts will also consider as evidence of exhaustion a specific description of "the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Failure to provide an affirmative showing of exhaustion justifies dismissal of the plaintiff's complaint. *See Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001) (affirming dismissal of prisoner-plaintiff's claims for failure to attach proof of exhaustion to his complaint, even though it appeared that the prisoner had in fact exhausted his administrative remedies).

The magistrate judge accurately observed that the MDOC has a multi-step grievance process in place. Each step has a time limit that can be waived for good cause. *See generally* MDOC Policy Directive 03.02.130. The grievance process has three steps. First, within two business days, the prisoner must attempt verbally to resolve the dispute with those involved. If that fails, the inmate then must submit a Step I grievance within five days. The prison staff is required to respond within fifteen days. If the inmate is dissatisfied with the response, he may request a Step II appeal form within five days, and then he has five additional days to submit it. If an inmate is dissatisfied with the result at Step II, he has ten business days to appeal to Step III, which concludes the grievance process.

In this case, the magistrate judge correctly concluded that the plaintiff failed to exhaust his administrative remedies with respect to all the claims raised in his complaint. The plaintiff did not attach copies of any grievance forms to his complaint as Sixth Circuit precedent requires.

In his motion, the plaintiff alleges that the reason he did not submit grievance forms is because prison officials prevented him from filing grievances in a timely manner. For example, he alleges that:

> I was beating [sic] by Officer Armstrong and Officer Allen on or about the date alleged and straped down to cement slab for over 90 days on several accasions [sic] and forced to deathacate [sic] on myself long peridits [sic] of time for over 7 years no on no accasion [sic] did I have a chance in a timely manner to exhaust or establish a form of exhaustion of any remedies

Pl.'s Mot. 4. He does not allege that he could not file grievances, and his access to the grievance process is demonstrated by his acknowledgment that some of his grievances have not been properly answered. Although he alleges that officers prevented him from pursuing timely grievances, a prisoner must demonstrate exhaustion of a claim, even when a grievance of the claim would be procedurally time barred, before a district court can consider it. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) (holding that "[e]xhaustion also requires a plaintiff to bring a grievance to the state before coming to federal court even when the state has made clear that it will not grant the relief requested"). Therefore, the plaintiff's failure to file grievances because they would not have been timely does not permit the Court to dispense with the exhaustion requirement in this case.

The plaintiff also argues that the exhaustion requirement interferes with his right to court access and thus deprives him of his right to due process. This argument also is unpersuasive. Inmates have a "fundamental constitutional right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right requires "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351 (quoting *Bounds v. Smith*, 430 U.S. 817, 825, (1977)). However, the state-mandated grievance process does not deprive the plaintiff of an opportunity to pursue his federal claim because "[p]rior resort to the state remedy would not impair the availability of the federal remedy, for the two are supplementary, not mutually

exclusive." *Thomas v. Woolum*, 337 F.3d 720, 732 (6th Cir. 2003) (quoting *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 764 (1979)). "[A] procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Here, the grievance process adequately addresses the wrongs asserted by the plaintiff, and he can pursue relief in federal court afterwards.

The plaintiff complains that the grievance process is futile because it is ineffective and cannot provide him with the relief he seeks, such as damages. The Sixth Circuit has held that "[a]ny subjective belief on [the plaintiff's] part as to what the outcome might have been had [he filed a grievance] hardly excuses [his] failure to exhaust." *See also Boyd v. Corrections Corp. of America*, 380 F.3d 989, 998 (6th Cir. 2004). Moreover, "[w]here the prison has an administrative process that will review the complaint, plaintiff must exhaust even though money damages are not available." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). *See also Booth*, 532 U.S. at 741. The Court will not excuse the failure to exhaust based on alleged futility as claimed by the plaintiff here.

The plaintiff also alleges that he actually filed the grievances and either does not have the documentation or it was taken from him, so he should be allowed to pursue his claims in this Court. His assertion is unavailing because he has not demonstrated that he filed the grievances with the required degree of specificity. Even if the Court were to excuse the requirement of written documentation, the plaintiff has not pleaded with specificity the dates that he requested the grievances, which individual events he attempted to grieve, or any other information reflecting a good-faith effort by the plaintiff to exhaust his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The plaintiff implies that the seizure of his evidence and legal materials interfered with his ability to exhaust his state remedies. He alleges that he "would have been afforded the right to the exhaustion of administrative remedies. [sic] if my out going mail was not open and the evidence removed." Pl.'s Mot. 7. He also contends:

> Officer's [sic] Armstrong was a regular officer working at this time [sic] He and other officers went into my cell while I was straped [sic] down to cement slab and stole all of my legal mail and materials from my cell including counter suit copies of the claim that I had already giving the original copy to case manager and they were never filed at no time could I do anything else for several years

Pl. Mot. 5-6. These allegations relate in part to the plaintiff's rights violations claims. To the extent that the alleged theft interfered with his ability to file grievances, he has not alleged with sufficient specificity how the missing items prevented him from filing grievances. *See Boyd,* 380 F.3d at 997-98 (holding that a prisoner must "describe with specificity" allegations justifying his failure to exhaust); *Knuckles El*, 215 F.3d at 642.

The plaintiff claims that the Court must hold an evidentiary hearing in order to decide whether he had sufficient reason for not exhausting his claims. However, the Sixth Circuit has held:

> [d]istrict courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether it should reach the merits or decline under the mandatory language of § 1997e ("No action shall be brought. . . ."). In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.

*Knuckles El*, 215 F.3d at 642. Here, the plaintiff has not made a sufficient showing to demonstrate that a hearing on his claim that he exhausted his remedies would be productive or valuable.

Finally, the plaintiff requests an attorney to pursue his claim. The dismissal of the complaint renders this request moot. In any event, "'[a]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin,* 822 F.2d

-8-

1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the [plaintiff's] ability to investigate and present his claims, along with any other relevant factors."). The appointment of counsel in a civil proceeding is warranted only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In this case, there are no exceptional circumstances that have been brought to the attention of the Court, and the interests of justice do not require appointment of counsel at this time.

### III.

The Court finds that palpable error resulted from the Court's belief that no objections were filed to the magistrate judge's report and recommendation, prompting adoption of that recommendation without a *de novo* review. The Court construes the motion for relief from judgment as objections and deems them timely filed. Nonetheless, the Court agrees that the magistrate judge reached the correct result because of the plaintiff's failure to exhaust administrative remedies required by the Prison Litigation Reform Act.

Accordingly, it is **ORDERED** that the plaintiff's motion for relief from judgment [dkt # 9], construed as a motion for reconsideration, is **GRANTED**.

It is further **ORDERED** that the previous order of dismissal is [dkt # 10] is **VACATED**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED.**

It is further **ORDERED** that the complaint is **DISMISSED** without prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 30, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---